UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LONDON BELLA DESIGNS, | Case No. 2:15-CV-595 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| GERLY NOLAND, et al., | |
| Defendant(s). | |

Presently before the court is plaintiff London Bella Designs' ("plaintiff") motion to remand. (Doc. # 6). Defendants Gerly Noland, Patrick Pickford, and Evolution Lighthouse (collectively "defendants") have filed a response. (Doc. # 12). To date, plaintiff has not filed a reply.

**I.      Background**

This case is a removed state action that asserts claims under Nevada state tort and statutory law. Plaintiff is a sole proprietorship located and registered in Clark County, Nevada. No defendants are Nevada citizens.

Plaintiff filed its state court complaint on November 21, 2014. (Doc. # 6, p. 4). Plaintiffs served defendants Evolution Lighthouse and Pickford with a copy of the summons and complaint on December 2, 2014. Plaintiff served defendant Noland with a copy of the summons and complaint on December 13, 2014. (Doc. # 4, p. 2). On December 22, 2014, defendants Pickford and Noland filed an answer to plaintiff's complaint and moved for dismissal in the state court for lack of subject matter jurisdiction.

On March 11, 2015, the parties' counsels negotiated a settlement offer via e-mail. (Doc. # 12, p. 3). On or about March 15, 2015, defendants' counsel spoke with plaintiff's counsel on the

**James C. Mahan**
**U.S. District Judge**

1  telephone. Defendants' counsel understood plaintiff's counsel to offer $100,000.00 to settle this
2  litigation. (*Id.*).

3  On March 31, 2015, defendants removed the action to federal court, asserting that the
4  complaint stated an "ambiguous nature of monetary relief." (Doc. # 6, Exhibit 8). In response, the
5  court ordered defendants to file a signed statement within fifteen days summarizing defendants'
6  evidence of the amount in controversy and explaining why defendant failed to remove the case
7  within thirty days of service. (*Id.* at Exhibit 9).

8  On April 22, 2015, plaintiff filed its motion to remand this case to state court. (*Id.*).

9  **II.  Legal standard**

10  For a district court to have diversity jurisdiction under 28 U.S.C. § 1332, the parties must
11  be completely diverse and the amount in controversy must exceed $75,000.00. *See* 28 U.S.C. §
12  1332(a); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1098 (9th Cir. 2003).

13  Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district
14  courts of the United States have original jurisdiction, may be removed by the defendant or the
15  defendants, to the district court of the United States for the district and division embracing the
16  place where such action is pending." 28 U.S.C. § 1441(a).

17  Removal of a case to a United States district court may be challenged by motion. 28 U.S.C.
18  § 1441(c). On a motion to remand, the removing defendant faces a strong presumption against
19  removal, and bears the burden of establishing that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d
20  564, 566 (9th Cir. 1992) ; *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir.
21  1996).

22  A federal court must remand a matter if there is a lack of jurisdiction. *Id.* Removal statutes
23  are construed restrictively and in favor of remanding a case to state court. *Gaus*, 980 F.2d at 566-
24  67; *see Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941);

25  **III.  Discussion**

26  Plaintiff makes two arguments in support of remand.  The court will address them in turn.
27  A.    *Jurisdictional amount*
28  Plaintiff asserts that its complaint alleges damages "in excess of $10,000.00" pursuant to

**James C. Mahan**
**U.S. District Judge**

- 2 -

Nevada Rule of Civil Procedure 8(a). Plaintiff argues that since the prayer for relief requests "an award . . . in an amount in excess of $10,000.00," it has not specifically requested a sum in excess of $75,000.00. (Doc. # 6, p. 8).

In defendant's notice and statement of removal, defendants allege that they investigated plaintiff's claims and discovered that they could remove the case because plaintiff disclosed that damages "could well exceed $100,000.00." (Doc. # 4, pp. 2-3). Plaintiffs argue that defendants present no evidence to support their allegation that damages "could exceed $100,000.00." (Doc. # 6, p. 5).

Contrary to plaintiff's argument, it is facially evident from the complaint that plaintiff seeks more than $75,000.00. In the complaint, plaintiff asks the court for an amount "in excess of $10,000.00" for eleven claims. (Doc. # 6).[1] The complaint asks the court for this amount for compensatory, consequential, statutory, exemplary, and punitive damages as well as attorney fees and injunctive relief. (*Id.* at 15-16). At minimum, the complaint gives defendants notice that plaintiff requests an amount in excess of $110,000.00.

Plaintiff's original complaint alleges complete diversity and meets the jurisdictional amount to trigger removal. Accordingly, the court need not consider the $100,000.00 valuation of the injunctive relief claim in counsels' negotiations to determine if defendants have met their burden and established that plaintiff requests at least $75,000.00.

. . .

. . .

. . .

. . .

. . .

. . .

---

[1] Plaintiff's twelfth claim for relief for claim and delivery alleges that the present value of the LBD Inventory, promotional photographs, press releases, and news/media articles exceeds $10,000.00. As pled, the writ of possession seeks possession of this property and not enforcement of a money judgment. Further, plaintiff's complaint meets the jurisdictional amount without incorporating plaintiff's twelfth claim for "in excess of $10,000." Accordingly, the court has not factored in plaintiff's request for damages for its twelfth claim into its calculation of monetary damages.

**James C. Mahan**
**U.S. District Judge**

- 3 -

*B.     Untimeliness*

Title 28 U.S.C § 1446(b)(1) states:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C § 1446(b)(1).

Under § 1446(b), two separate thirty-day windows exist for when a case may be removed: (1) after the defendant receives the initial pleading; and (2) after the defendant receives a paper "from which it may first be ascertained that the case is one which is or has become removable" if "the case stated by the initial pleading is not removable." *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 692 (9th Cir. 2005). In deciding whether removal is proper, courts strictly interpret the removal statute "against finding jurisdiction, and the party invoking federal jurisdiction bears the burden of establishing the removal was appropriate." *Turner v. Paul Revere Life Ins. Co.*, No. 2:14-CV-1205 JCM VCF, 2014 WL 7177246, at *1 (D. Nev. Dec. 16, 2014); *see Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).

Plaintiff asserts that the defendant's notice of removal was untimely because it was not filed within thirty days of defendant's receipt of the complaint, as required by 28 U.S.C. § 1446(b)(1). (Doc. # 6). Defendants argue that they learned, for the first time, the nature of plaintiff's thirteenth claim for injunctive relief only on March 11, 2015, when they began settlement negotiations via e-mail with plaintiff's counsel. (Doc. # 12, p. 10). As a result, defendants claim that they could not remove the case until the end of their investigation on March 17, 2015. (*Id.*).

As § 1446(b)(1) states, defendants had thirty days to file a petition for removal. Plaintiff served defendants on December 2, 2014, and December 13, 2014, allowing for a timely petition for removal if filed on or before January 1, 2015, and January 12, 2014. The defendants filed the petition for removal on March 31, 2015. (Doc. # 6, p. 5).

"[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings . . . ." *Id*. at 694. The original complaint gave defendants

James C. Mahan
U.S. District Judge

- 4 -

1  sufficient notice that eleven separate claims alleged damages in excess of $10,000.00. Defendants
2  thus could remove the case at the time they received the original complaint. As a result, defendants
3  needed to file their petition for removal within the thirty day deadline. *See* 28 U.S.C. § 1446(b)(1).

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to remand, (doc. # 6), be, and the same hereby is, GRANTED.

DATED August 10, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**